BRYAN SCHRODER
United States Attorney

ANNE VELDHUIS
Assistant U.S. Attorney
CAROLE HOLLEY
Special Assistant U.S. Attorney
KARLA GEBEL PERRIN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: anne.veldhuis@usdoj.gov
 carole.holley@alaska.gov
 perrin.karla@epa.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>YOO JIN MANAGEMENT COMPANY LTD, MUSH INN CORPORATION, TAE RYUNG YOON, a/k/a "Thomas Yoon," and CHUN YOO,<br><br>　　　　　Defendants. | No. 3:19-cr-00107-RRB-DMS<br><br>COUNTS 1-4:<br>VIOLATION OF CLEAN AIR ACT ASBESTOS WORK PRACTICE STANDARDS<br>　Vio. of  42 U.S.C. § 7413(c)(1)<br><br>COUNTS 5-8:<br>VIOLATION OF CLEAN AIR ACT ASBESTOS WASTE DISPOSAL STANDARDS<br>　Vio. of  42 U.S.C. § 7413(c)(1) |

|                                                                 | ) COUNT 9:<br>) CLEAN AIR ACT FAILURE TO<br>) NOTIFY<br>)    Vio. of 42 U.S.C. § 7413(c)(2)(B)<br>)<br>) COUNT 10:<br>) VIOLATION OF CLEAN AIR ACT<br>) ASBESTOS WORK PRACTICE<br>) STANDARDS<br>)    Vio. of 42 U.S.C. § 7413(c)(1)<br>) |

# I N D I C T M E N T

The Grand Jury charges that:

## I.   PARTIES

1. Northern Lights Center was a shopping center located at 1200 West Northern Lights Boulevard in Anchorage, Alaska. The property was jointly and equally owned by the defendants, MUSH INN CORPORATION and YOO JIN MANAGEMENT COMPANY LTD. The defendant, CHUN YOO (YOO) was the President of both companies.

2. The Northern Lights Center was managed by Alcan Property Management.

3. The defendant, TAE RYUNG YOON, a/k/a "Thomas Yoon" (YOON), worked as a contracted employee for the Northern Lights Center and had an office with Alcan Property Management. YOON was introduced to the tenants of the Northern Lights Center as the property management contact and was the main contact for the tenants of the Northern Lights Center. YOON referred to himself as the "Financing and Maintenance Coordinator" for the Northern Lights Center.

## II. CLEAN AIR ACT

4. In 1971, asbestos became the first hazardous air pollutant listed under the Clean Air Act. 36 Fed. Reg. 5931 (Mar. 31, 1971); 42 U.S.C. § 7412 (b)(1); 40 C.F.R. § 61.01(a). An air pollutant is hazardous if it causes or contributes to air pollution which may reasonably be anticipated to result in an increase in mortality, or an increase in serious irreversible or incapacitating reversible illness. 42 U.S.C. § 7412(a)(1).

5. Congress further found that "medical science has not established any minimum level of exposure to asbestos fibers which is considered safe to individuals exposed to the fibers." 20 U.S.C. § 3601(a)(3). Because there is no concentration that is considered safe, the United States Environmental Protection Agency (EPA) has not established an "emissions" limit for asbestos. Instead, EPA promulgated "work practice standards," pursuant to 42 U.S.C. § 7412(h), for renovation and demolition projects that direct how the material must be handled to minimize or eliminate the release of asbestos fibers into the air. These standards, known as the work practice and waste disposal standards are set forth in 40 C.F.R. §§ 61.145 and 61.150, respectively.

6. The asbestos work practice and waste disposal standards apply to demolition and renovation activities involving regulated asbestos containing material. 40 C.F.R. § 61.145. Asbestos containing material is considered regulated if it is friable, or highly likely to become friable. Friable asbestos material means any material that contains more than one (1) percent asbestos, which, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure. 40 C.F.R. § 61.141

7. The asbestos work practice and waste disposal standards apply to any owner or operator of a facility that conducts a demolition or renovation operation where the combined amount of regulated asbestos stripped, removed, dislodged, cut, drilled, or similarly disturbed is at least 160 square feet on facility components other than pipes or at least 260 linear feet on pipes. 40 C.F.R. § 61.145(a)(4).

8. The Clean Air Act's asbestos work practice and waste disposal standards describe the appropriate procedures for the notification, safe handling, stripping, removal and disposal of Regulated Asbestos Containing Material during renovation or demolition activity. These work practice standards require, in pertinent part, that:

    a. Prior to the commencement of the demolition or renovation activity, the owner or operator must have the affected facility thoroughly inspected for the presence of asbestos. 40 C.F.R. § 61.145(a);

    b. Each owner or operator of a demolition or renovation activity shall provide the EPA Administrator with written notice at least ten (10) working days before asbestos stripping or removal work or any other activity begins (such as site preparation that would break up, dislodge or similarly disturb asbestos material). 40 C.F.R. § 61.145(b);

    c. All regulated asbestos be removed from a facility being demolished or renovated before any activity begins that would break up, dislodge or similarly disturb the material. 40 C.F.R. § 61.145(c)(1);

    d. All regulated asbestos be adequately wetted during cutting, disjoining, or stripping operations. 40 C.F.R. § 61.145(c)(2) & (3);

e. All regulated asbestos that has been removed or stripped must be kept adequately wet and remain wet until collected and contained in preparation for disposal. 40 C.F.R. § 61.145 (c)(6);

f. No regulated asbestos shall be stripped, removed, or otherwise handled or disturbed at a facility unless at least one on-site representative, such as a foreman or management-level person or other authorized representative, trained in the provisions of asbestos regulations, is present. Records of such training must be posted and made available at the site. 40 C.F.R. § 61.145 (c)(8);

g. The owner or operator of a demolition or renovation activity must adequately wet asbestos-containing waste materials and seal all such asbestos-containing waste materials in leak-tight containers while wet; or, put materials in leak-tight wrapping. 40 C.F.R. § 61.150(a)(1)(iii);

h. The owner or operator of a demolition or renovation activity that proposes to transport all other asbestos-containing waste material off the facility site must label containers or wrapped materials with the name of the waste generator and the location at which the waste was generated. 40 C.F.R. § 61.150(a)(v);

i. All regulated asbestos-containing waste material shall be deposited as soon as practical by the waste generator at an EPA-approved site. 40 C.F.R. § 61.150(b); and

j. Each owner or operator of a demolition or renovation activity must maintain waste shipment records that contain the information set forth in 40 C.F.R. § 61.150(d)(1) through (5).

# COUNTS 1-4
# VIOLATION OF ASBESTOS WORK PRACTICE STANDARDS

9. The factual allegations contained in paragraphs one through eight are realleged and incorporated by reference as though fully set forth herein.

10. Between in or about January 2015 and in or about March 2015, in the District of Alaska, the defendants, YOO JIN MANAGEMENT COMPANY LTD, MUSH INN CORPORATION, and TAE RYUNG YOON, a/k/a "Thomas Yoon", knowingly violated, and caused to be violated, Clean Air Act asbestos work practice standards with regard to the renovation of a facility located at 1200 West Northern Lights Boulevard in Anchorage, Alaska, in that the defendants, as owners or operators of the facility, engaged in a renovation activity involving approximately 393 square feet of regulated asbestos, but failed to:

| COUNT ONE | Have the affected facility thoroughly inspected for the presence of asbestos prior to the commencement of the demolition or renovation activity. |
| --- | --- |
| COUNT TWO | Keep all regulated asbestos adequately wetted during cutting, disjoining, or stripping operations. |
| COUNT THREE | Keep all regulated asbestos that had been removed or stripped adequately wet until collected and contained in preparation for disposal. |
| COUNT FOUR | Have an on-site representative trained in the provisions of asbestos regulations at the facility during asbestos stripping removal, handling or disturbing operations. |

All in violation of 42 U.S.C. §§ 7412(h) and 7413(c)(1) and 18 U.S.C. § 2.

## COUNTS 5-8
## VIOLATION OF ASBESTOS WASTE DISPOSAL STANDARDS

11. The factual allegations contained in paragraphs one through eight are realleged and incorporated by reference as though fully set forth herein.

12. Between in or about January 2015 and in or about March 2015, in the District of Alaska, the defendants, YOO JIN MANAGEMENT COMPANY LTD, MUSH INN CORPORATION, and TAE RYUNG YOON, a/k/a "Thomas Yoon," knowingly violated, and caused to be violated, the Clean Air Act asbestos waste disposal standards with regard to the renovation of a facility located at 1200 West Northern Lights Boulevard in Anchorage, Alaska, in that the defendants, as owners or operators of the facility, engaged in a renovation activity involving approximately 393 square feet of regulated asbestos, but failed to:

| COUNT FIVE | Adequately wet asbestos-containing waste materials and, after wetting, seal all such asbestos-containing waste materials in leak-tight containers while wet. |
| --- | --- |
| COUNT SIX | Transport all asbestos-containing waste material off the facility site using labeled containers with the name of the waste generator and the location at which the waste was generated. |
| COUNT SEVEN | Deposit all regulated asbestos containing waste material as soon as practical at an EPA-approved site. |
| COUNT EIGHT | Maintain waste shipment records for all asbestos-containing waste transported off the facility site. |

All in violation of 42 U.S.C. §§ 7412(h) and 7413(c)(1) and 18 U.S.C. § 2.

## COUNT 9
## CLEAN AIR ACT FAILURE TO NOTIFY

13. The factual allegations contained in paragraphs one through eight are realleged and incorporated by reference as though fully set forth herein.

14. Between in or about January 2015 and in or about March 2015, in the District of Alaska, the defendants YOO JIN MANAGEMENT COMPANY LTD, MUSH INN CORPORATION, and TAE RYUNG YOON, a/k/a "Thomas Yoon," knowingly violated, and caused to be violated, the Clean Air Act with regard to the renovation of a facility located at 1200 West Northern Lights Boulevard in Anchorage, Alaska, in that the defendants, as owners or operators of the facility, engaged in a renovation activity involving approximately 393 square feet of regulated asbestos, while failing to submit notification to EPA at least 10 days prior to the renovation or demolition operation involving a facility with regulated asbestos containing material.

All in violation of 42 U.S.C. §§ 7412(h) and 7413(c)(1) and 18 U.S.C. § 2.

## COUNT 10
## VIOLATION OF ASBESTOS WORK PRACTICE STANDARDS

15. The factual allegations contained in paragraphs one through eight are realleged and incorporated by reference as though fully set forth herein.

16. Between in or about January 2015 and in or about March 2015 in the District of Alaska, the defendant, CHUN YOO, knowingly violated, and caused to be violated, Clean Air Act asbestos work practice standards with regard to the renovation of a facility located at 1200 West Northern Lights Boulevard in Anchorage, Alaska, in that the

defendant, as an owner and operator of the facility, engaged in a renovation activity involving approximately 393 square feet of regulated asbestos, but failed to have the affected facility thoroughly inspected for the presence of asbestos prior to the commencement of the demolition or renovation activity.

All in violation of 42 U.S.C. §§ 7412(h) and 7413(c)(1) and 18 U.S.C. § 2.

A TRUE BILL.

                                                  s/ Grand Jury Foreperson
                                                  GRAND JURY FOREPERSON

s/ Anne Veldhuis
ANNE VELDHUIS
Assistant U.S. Attorney
United States of America

s/ Bryan Schroder
BRYAN SCHRODER
United States Attorney
United States of America

DATE:  September 17, 2019